IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARY E. LISENBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:17-cv-00054-WHA-WC |
| | ) | (WO) |
| LOWNDES COUNTY SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion for Partial Dismissal filed by Defendant, Lowndes County Sheriff John Williams ("Sheriff Williams") (Doc. # 13) and a Motion to Dismiss filed by Defendants, the Lowndes County Commission, the Lowndes County Sheriff's Department, Lowndes County Deputy Chris West ("Deputy West"), and Lowndes County Warden Marc Green ("Warden Green") (collectively, the "Defendants") (Doc. # 15), and supporting memoranda at law (respectively, Docs. # 14 and 16). Plaintiff filed a response (Doc. # 19) and Defendants filed replies (Docs. # 21 and 22-1).

Plaintiff, Mary Lisenby ("Lisenby") filed a Complaint in this case on January 27, 2017, alleging Title VII claims in two counts against all Defendants for racial/gender harassment, hostile work environment and retaliation.[1] For the reasons discussed below, the Defendants' Motions are due to be GRANTED.

---

[1] Paragraph 2 of the Complaint states that "Plaintiff brings this action pursuant to Title VII . . . ." Count Two is labeled "Title VII." Count One is labeled "Racial/Gender Harassment and Hostile Work Environment," but Paragraph 50 under that count alleges that "[t]he actions of Defendants, as set out herein, violate Title VII, and Paragraph 53 alleges the issuance by the EEOC of a right

## II.  MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555.

## III.  FACTS

The allegations of the Plaintiff's Complaint are as follows:

Plaintiff, Lisenby, a Caucasian female, began working for the Lowndes County Sheriff's Department on June 4, 2015 as a Deputy Sheriff. Sheriff Williams, locally known as "Big John" Williams, an African-American male, is the elected sheriff for Lowndes County. Sheriff Williams is the supervisor for all Lowndes County Sheriff's Department employees, including, formerly, Lisenby. In addition, Lisenby was supervised by Defendant Chief West.[2]

---

to sue letter.

[2] The Complaint does not mention Defendant Marc Green, except to say that he is an African-American male who lives in this Judicial District and Division. (Doc. # 1, p. 2, ¶ 12).

On August 5, 2016, Lisenby was out on patrol when she made a routine traffic stop of a citizen who ran a stop sign. After pulling the citizen over, the citizen exited his vehicle and approached Lisenby in an "aggressive manner." (Doc. 1, p. 3, ¶ 19). Lisenby advised the citizen to return to his vehicle.

When Lisenby approached the citizen's vehicle, the citizen stated "I know Big John . . . and I am getting him on the phone." Lisenby informed the citizen that it did not matter whether the citizen knew Sheriff Williams, or not. Nevertheless, the citizen continued trying to make contact with Sheriff Williams and, eventually, began talking to him on the phone. Soon thereafter, the citizen handed his phone over to Lisenby.

Sheriff Williams ordered Lisenby not to ticket the citizen. Lisenby responded that she would, at least, give the citizen a written warning. Sheriff Williams "informed her that there was to be no traffic enforcement in *his* county without *his* permission," and then hung up the phone. (Doc. # 1, p. 4, ¶ 21) (emphasis added). At that point, abandoned by her supervisor and stripped of her authority to give a ticket to the citizen, Lisenby was left to take further verbal abuse from the citizen.

Lisenby returned to the Sheriff's Department and was ordered by her supervisor[3] to draft a written report, detailing the traffic stop.

A week later, Lisenby was informed that an investigator had been sent to the citizen's house to obtain a statement about the incident. However, Lisenby was never advised that she was under investigation or that the traffic stop would affect her employment.

On the morning of August 19, 2016, a Montgomery County Deputy Sheriff, Lieutenant Hutson, and Investigator Marvin from the Lowndes County Sheriff's Department came to

---

[3] The Complaint does not specifically identify which supervisor or whether any Defendant ordered Lisenby to draft a written report concerning the traffic stop.

3

Lisenby's residence and sought to retrieve her squad car and equipment. When Lisenby reached out to her supervisor, Lieutenant Ed Jones, to ask if he knew anything about the confiscation of her squad car or equipment, Lieutenant Jones responded that he was not aware of any confiscation order and expected her to be at work later that day.

Four days later, on August 23, 2016, Chief West delivered to Lisenby a Lowndes County Sheriff's Office Disciplinary/Termination Form, which specifically listed the August 5, 2016 traffic stop and resulted in the termination of Lisenby's employment from the Lowndes County Sheriff's Department.

On September 9, 2016, Lisenby filed a charge of race, gender, and hostile work environment discrimination and retaliation against Defendant Lowndes County Sheriff's Department with the Equal Employment Opportunity Commission (EEOC). Her EEOC charge further complained about a racially hostile work environment created by Sheriff Williams, Chief West, and Warden Green, and the failure of the Lowndes County Sheriff's Department to take corrective action concerning that environment.

The EEOC issued a right to sue letter to Lisenby on November 3, 2016. Lisenby, then, filed a Notice of Claim with the Lowndes County Commission on January 10, 2017. Seventeen days later, on January 27, 2017, Lisenby filed this Complaint in federal court. (Doc. # 1). In her Complaint, Lisenby asserts two claims, including in both counts a claim for racial/gender harassment, hostile work environment, and retaliation, in violation of Title VII. *Id.*

## IV. DISCUSSION

Defendants argue in their Motions to Dismiss that all Defendants are subject to dismissal to some extent.[4] Specifically, Sheriff Williams argues that Lisenby failed to state a claim for

---

[4] In her Response to Defendants' Motions to Dismiss, Lisenby concedes that her claims against

4

retaliation against him, because "there is no allegation that Deputy Lisenby engaged in a protected activity prior to her termination." (Doc. # 14). The Plaintiff's response concedes this, but then focuses on a hostile environment claim. Sheriff Woods's Motion, however, only seeks dismissal of the retaliation claim and concedes that the case can proceed against him on the hostile environment claim. Therefore, his Motion will be granted. Deputy West and Warden Green argue that Lisenby failed to state a claim against them, because they were not Lisenby's employer for purposes of Title VII, as they, too, reported to Sheriff Williams. (Doc. # 16).

### A. Retaliation

Defendant Sheriff Williams argues that dismissal of a retaliation claim is appropriate because there is no allegation of protected activity by Lisenby before the filing of her EEOC claim, and that claim was filed after she was terminated. Therefore, Sheriff Williams argues, there can be no causal relationship between her alleged protected activity and her termination because she only allegedly engaged in a protected activity *after* she suffered an adverse employment action.

Lisenby responds that, while this may be true, Sheriff Williams "fails to address the Plaintiff's actual claim of racial/gender discrimination along with hostile work environment." (Doc. # 19, p. 8). In essence, Lisenby concedes that she has not—and, indeed, is not—stating a claim for retaliation. Lisenby states, while "Defendants are right in their assertion that within Sheriff[] Williams['s] scheme there was retaliation which led to the Plaintiff's ultimate termination from the Lowndes County Sheriff's Department, . . . said retaliatory conduct was just a part of the Lowndes County Sheriff's Department['s] larger scheme involving discriminatory

---

Defendants Lowndes County Commission and Lowndes County Sheriff's Department are due to be DISMISSED. (Doc. # 19, p. 9). Accordingly, this Order will only consider Defendants' remaining arguments for dismissal which concern the viability of claims asserted against Defendants Sheriff Williams, Deputy West, and Warden Green.

5

acts towards the Plaintiff." *Id.* Therefore, to the extent Plaintiff Lisenby was attempting to assert a claim for retaliation under Title VII, either in Count One or Count Two, Defendant Sheriff Williams's Motion for Partial Dismissal is due to be GRANTED and the Motion to Dismiss of Chief West and Warden Green are due to be Granted as to retaliation.

## B. Employer

Next, Defendants Chief West and Warden Green argue that dismissal is warranted for Lisenby's claims against them because they were not Lisenby's "employer" as that term is defined by Title VII.

To state a claim for relief under Title VII, a plaintiff must allege that she was discriminated against by her "employer." In doing so, a plaintiff must either name her supervisors in their official, not individual, capacities, as agents of their employer, or name the employing agency directly. *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (noting "that this Court has previously held that the relief granted under Title VII is against the employer, not against individual employees whose actions would constitute a violation of the Act" (quoting *Hinson v. Clinch Cty. Ga. Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000) (internal quotations omitted and corrections incorporated)).

In this case, Lisenby has sued both Chief West and Warden Green as supervisors, as well as her employer, Sheriff Williams. In his Answer, Sheriff Williams has admitted that he was Lisenby's employer. (Doc. # 17, ¶ 13). In her response, Lisenby has argued that she has stated a § 1983 supervisory liability claim against the Defendants and has cited § 1983 cases in support of her argument. This is a strange, and ineffectual argument, however, since the complaint contains no § 1983 claim, nor would such a claim be appropriate in this case. This is a Title VII discrimination case.

Title VII does not provide a cause of action against employees in their individual capacities when their actions would constitute a violation of the Act. *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation under the Acts.") The appropriate Title VII action here is against Lisenby's employer, Sheriff Williams. The Defendants' Motion to Dismiss is due to be GRANTED.

## V. CONCLUSION

For the reasons stated herein, it is hereby ORDERED that the Motions (Docs. # 13, 15) are GRANTED, as follows:

1. Defendant Sheriff Williams's Partial Motion to Dismiss (Doc. # 13) is GRANTED and the Plaintiff's retaliation claim against him is Dismissed.

2. The Motion to Dismiss Defendants, the Lowndes County Commission, the Lowndes County Sheriff's Department, Chief West, and Warden Green, (Doc. # 15) is GRANTED.

3. This case will proceed on the Plaintiff's claims against Defendant Sheriff John Williams for race/gender harassment and hostile work environment under Title VII.

Done this 13th day of April, 2017.

/s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE